ORIGINAL

CIVIL RIGHTS COMPLAINT
42 U.S.C. §1983

IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.   Recv'd
★ DEC 29 2014 ★   1/12/15 wlm

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Howard Freire, Din. #14-A-1410
                Plaintiff,

         -against-

P. O. John Zamot, P.O. Anthony Jones,
Detective John Guitierrez, P.O. Edgar Gomez,
Sergeant Sui Lam, EMT Felix Moldovan,
EMT Wendy Tapia, Luigi Dinofrio,
George Agriantonis, and The City of New York;
Individually and in Their Official Capacity,
                Defendants.

JURY DEMAND
YES _X_  NO ____

Second Amended Complaint
14 CV 304 (SLT)(LB)

---

I.   Previous Lawsuits:

   A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?  Yes( ) (X)

   B.   If your answer to A is yes, described each lawsuit in the space below. (If there is more than one lawsuit, described the additional lawsuits on another piece of paper, using the same outline).

      1. Parties to this previous lawsuit:

         Plaintiffs: _____
         _____

         Defendants: _____
         _____

      2. Court (if federal court, name the district; if state court, name the county).

      3. Docket number   _____

      4. Name of the judge to whom the case was assigned_____.

1

5. Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

6. Approximate date of filing lawsuit: _____

7. Approximant date of disposition: _____

II.  Place of present confinement:  <u>Great Meadoew Correctional Facility.</u>

   A. Is there a prisoner grievance procedure in this institution? Yes (X) ( ).

   B. Did you present the facts relating to your complaint in the prison grievance procedure? Yes ( ) No (X).

   C. If your answer is YES,

   1. What steps did you take? _____

   D. If your answer is no, explain why not: <u>Not applicable</u>

   E. If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No ( )

   F. If your answer is YES,

   1. What steps did you take? <u>Complaints were filed with C.C.R.B. on 4/17/12 and 10/29/13.</u>

   2. What was the result? <u>Investigation pending.</u>

III.  Parties:
   (In item A bellow, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

   A. Name of plaintiff: <u>Howard Freire 441-12-00961.</u>
   Address: <u>Great Meadow Correctional Facility, Box 51, Comstock, NY 12821-0051.</u>

   (In item B below, place the full name and address of each defendant)

B. List all defendants names and the addresses at which each defendant may be served. Plaintiff must provide the address for each defendant named.

| | |
|---|---|
| Defendant No. 1 | P.O. John Zamot, Shield # 7155<br>Warrant Section<br>300 Gold Street<br>Brooklyn, NY 11201 |
| Defendant No. 2 | Anthony Jones, Shield #17923<br>110 Precinct<br>94-41 43rd Avenue<br>Elmhurst, NY 11373 |
| Defendant No. 3 | Edgar Gomez, Shield # 23107<br>Warrant Squad Manhattan<br>1774 3rd Avenue<br>New York, NY 10029 |
| Defendant No. 4 | Sergeant Siu Lam, Shield #4434<br>Emergency Service Unit<br>Floyd Bennett Field<br>Brooklyn, NY 11234 |
| Defendant No. 5 | Detective John Guitierrez,<br>Legal Bureau New York City Police Department<br>1 Police Plaza, Room 1406<br>New York, NY 10038 |
| Defendant No. 6 | The City of New York<br>100 Church Street<br>New York, NY 10007 |
| Defendant No. 7 | Luigi Dinofrio<br>110th Precinct<br>9441 43rd Avenue<br>Elmhurst, NY 11373 |
| Defendant No. 8 | EMT Felix Moldovan<br>9 Metro Tech Center<br>Brooklyn, NY 11201 |
| Defendant No. 9 | EMT Wendy Tapia<br>9 Metro Tech Center<br>Brooklyn, NY 11201 |

3

Defendant No. 10        George Agriantonis
                        Elmhurst Hospital
                        79-01 Broadway
                        Elmhurst, NY 11373


IV.     Statement of Claim:

(State briefly and concisely, the facts of your case. Include the date(s) of the event(s) alleged, as well as the location where the events occurred. Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8½ by 11 sheets of paper as necessary).

1. On January 19, 2012, plaintiff HOWARD FREIRE was pursued by three men in the vicinity of 46th Avenue near Junction Boulevard.

2. These men, who later became known to plaintiff to be police officers, gave chase after plaintiff and shot him in the back with no previous warning and without any provocation.

3. On the above date at approximately 1:00 p.m., while plaintiff was walking on 46th Avenue, he was approached by three men dressed in urban civilian clothing (hooded sweatshirts, jeans and caps). These men did not identify themselves as police officers, but rather approached plaintiff in a threatening manner, chased after him and shot him in the back.

[Make sure that the defendants listed above are identical to those listed in the caption on page 1].

4. The three police officers at the shooting dismissed two eyewitnesses. There was no DD5 report of their interviews. Sgt. Sui Lam who was the first supervisor to arrive at the scene of the shooting, did not document the presence of the two eye witnesses.

5. A short time after plaintiff was shot, an ambulance arrived at the scene. Detective John Guitierez instructed ambulance personnel not to load plaintiff into the ambulance, but rather to wait for a police vehicle to arrive. Ambulance personnel EMT Felix Moldovan and EMT Wendy Tapia, followed this officer's instructions in order for police to be able to carry out a Show-Up identification procedure. This waiting period took approximately twenty to thirty minutes. During this time period, plaintiff laid naked on the sidewalk with a gunshot wound to his lower back.

6. Police did not allow family to visit or deliver clothing during plaintiff's stay at Elmhurst Hospital, from January 19th to January 25, 2012.

7. On January 25, 2012, plaintiff was released from Elmhurst hospital to police custody. Dr. George Agriantonis allowed the premature release of plaintiff who was a patient of Elmhurst Hospital. Dr. Agriantonis should have also known that plaintiff would not receive prescribed medications while in the custody of the NYPD. Over the next two days, plaintiff was taken to and from the courthouse, the hospital and the 110th precinct wearing only thin hospital pajamas and socks. During this time, plaintiff was exposed to inclement weather and he became ill as his condition deteriorated.

8. During this time in police custody, plaintiff was denied medications that had been dispensed at the hospital pharmacy for him. On January 26, 2012, 110th precinct area supervisor, Luigi Dinofrio held the medications in his hands while taunting plaintiff, yet he did not allow officers to give plaintiff said medications.

9. After having been without medications for over twelve hours, plaintiff had to be returned to Elmhurst hospital with severe abdominal and back pain. Then he was again released to police custody.

10. On January 27, 2012, at approximately 11:23 a.m., plaintiff was admitted to Jamaica hospital for complications deriving from the deliberate outrageous conditions under which he was held while in the custody of the New York City Police Department since his release from the hospital.

11. The City of New York has a custom of allowing use of excessive force by its police force, and disregarding the obvious risk of its failure to develop an adequate training program in the effecting of arrest and the apprehension of a fleeing suspect.

12. Furthermore, at the time of this incident, the City of New York had a custom or pattern of persistent or wide spread discriminatory targeting of minorities in certain precincts and neighborhoods.

13. These customs, as well as the inadequate, grossly deficient and negligent training programs, constitute the moving force behind the outrageous and reckless conduct of these police officers, as well as deliberate indifference.

IV. A  If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received?

Gunshot wound to left lower back, six distal Jejunum perforations, sigmoid colon injury, paracolic gutter bleeding, sigmoid displacement, associated mesenteric injury, traversed quadratus lumborum muscle and lower lumbar, bleeding from injured retroperitoned muscles, continued irreparable pain and muscle spasms, as well as deficient lower back function. Plaintiff received surgery at Elmhurst hospital. Defendant's deliberate indifference to plaintiff's medical needs caused serious physical and emotional distress.

V. Relief:

State what relief you are seeking if you prevail on your complaint.

Plaintiff respectfully prays that this court enter judgment granting him: A declaration that the acts described herein, violated plaintiff's right under the United States Constitution.
Compensatory damages in the amount of twenty million dollars against defendants.
Punitive damages in the amount of ten million dollars against defendants.
A jury trial on all issues triable by jury.
Plaintiff's cost in this suit.
Any additional relief this court deems just, proper and equitable.

I declare under penalty of perjury that on __12/26__, 2014, I delivered this complaint to prison authorities to be mailed to the United States District Court for the Eastern District of New York.

Signed this __26__ day of __December__, 2014. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Plaintiff
Howard Freire
<u>Great Meadow Corr. Facility</u>
Name of Prison Facility

Box 51
<u>Comstock, NY 12821-0051</u>
Adress

<u>14-A-1410</u>
Prisoner I.D. #

GREAT MEADOW CORRECTIONAL FACILITY
BOX 51
COMSTOCK, NEW YORK 12821-0051

NAME: Howard Freire   DIN: 14A1410

"Legal Mail"

14-CV-304 (SLT)(LB)

Great Meadow Correctional Facility

Hon.
United States Magistrate Judge
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

$ 00.69
DEC 2? 2014